IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry Ward, | ) | C/A No. 0:14-4762-DCN-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| United States of America; Federal Bureau of | ) | |
| Prisons; Director Charles Samuels, in his | ) | |
| official and individual capacities; Rear | ) | |
| Admiral Newton E. Kendig, M.D., in his | ) | |
| official and individual capacities; Warden M. | ) | |
| Cruz, in her official and individual capacities; | ) | |
| Doctor Victor Loranth, in his official and | ) | |
| individual capacities; John/Jane Doe, Statutory | ) | |
| Agent Officers, in their individual and official | ) | |
| capacities; David M. Woodbury, M.D.; | ) | |
| Timothy R. Wagner, M.D.; Sharon Poston, | ) | |
| CEO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Larry Ward, a self-represented federal prisoner, brings this civil rights action

pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

(1971),[1] and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-80 ("FTCA"). Plaintiff

further asserts state law claims of negligence and medical malpractice against several of the

defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule

_____

[1] Bivens establishes as a general proposition that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. Carlson v. Green, 446 U.S. 14, 18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 814-20 n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994).

73.02(B)(2) DSC. Plaintiff is an inmate at Federal Medical Center ("FMC") Butner and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Amended Complaint[2] in accordance with applicable law, the court concludes that several of Plaintiff's claims should be summarily dismissed and the following defendants should be dismissed from this case without prejudice and without issuance and service of process: (1) Federal Bureau of Prisons; (2) David M. Woodbury, M.D.; and (3) Timothy R. Wagner, M.D.[3]

## I.    Factual and Procedural Background

Plaintiff allegedly injured his left foot while incarcerated at FCI Williamsburg and claims that the federal actor defendants refused to provide pain management and emergent medical care. (ECF No. 17-3 at 5, 9-10.) Plaintiff further complains of unconstitutional prison policies or practices which allegedly contributed to the denial of medical care. (Id. at 13-17.) In addition to his federal claims under Bivens and the FTCA, Plaintiff alleges a state law negligence claim against Defendants Cruz, Loranth, Woodbury, Wagner, and Poston. (Id. at 9; ECF No. 17 at 2-3.) Plaintiff also alleges that medical doctors Woodbury and Wagner committed malpractice. (ECF No. 17 at 3.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C.

---

[2] To preserve issues raised in this case and to give liberal construction to the pleadings, Plaintiff's Complaint (ECF No. 1) has been appended as an attachment to the Amended Complaint (ECF No. 17).

[3] A separately docketed order authorizes the issuance and service of process on all of the remaining defendants who have been identified by Plaintiff. Because the John/Jane Doe defendants have not been identified, service for those individuals has not been authorized.



§ 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).



Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

**1.     FTCA Claims**

A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); Rice v. Nat'l Sec. Council, 244 F. Supp. 2d 594, 599-600 (D.S.C. 2001), aff'd, 45 F. App'x 212 (4th Cir. 2002). Therefore, to the extent the Amended Complaint may be construed as raising FTCA claims against the Federal Bureau of Prisons or any of the individually named defendants, such claims are subject to summary dismissal.

2.    **Constitutional Claims under <u>Bivens</u>**

To state a claim under § 1983 or <u>Bivens</u>, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  As an initial matter, the principle of sovereign immunity prohibits individuals from suing the United States or its agencies without their consent, <u>see</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-86 (1994) (declining to extend <u>Bivens</u> to permit suit against a federal agency); <u>Global Mail Ltd. v. United States Postal Service</u>, 142 F.3d 208, 210 (4th Cir. 1998) (finding a federal governmental entity entitled to sovereign immunity), and "the United States has not waived sovereign immunity in suits claiming constitutional torts."  <u>Reinbold v. Evers</u>, 187 F.3d 348, 355 n.7 (4th Cir. 1999); <u>see also</u> <u>Randall v. United States</u>, 95 F.3d 339, 345 (4th Cir. 1996) ("<u>Bivens</u> did not abolish the doctrine of sovereign immunity of the United States.  Any remedy under <u>Bivens</u> is against federal officials individually, not the federal government.").    Therefore, Plaintiff's constitutional claims against the Federal Bureau of Prisons and any constitutional claims Plaintiff may be alleging against the United States are subject to summary dismissal.

Further, Plaintiff identifies Defendants Woodbury and Wagner as medical doctors employed by a private hospital in Kingstree, South Carolina.  (ECF No. 17 at 2-3.)  A private individual can act under color of state or federal law if they are a willful participant in joint action with the government, <u>see</u> <u>Dennis v. Sparkman</u>, 449 U.S. 24, 27-28 (1980), or conspire with governmental officials to violate a person's constitutional rights.  <u>See</u> <u>Tower v. Glover</u>, 467 U.S. 914, 920 (1984).  However, Plaintiff provides no factual allegations against Defendants Woodbury and Wagner to show that either of these defendants acted under color of federal law by participating, joining, or



conspiring with any of the named federal actors in this case.  Because purely private conduct, no matter now wrongful or injurious, is not actionable under § 1983 or Bivens, see Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982), Defendants Woodbury and Wagner are entitled to summary dismissal from any constitutional claims Plaintiff may have intended to allege against them.[4]

### 3. Negligence and Medical Malpractice Claims—Medical Doctor Defendants

Plaintiff alleges state law claims of negligence and medical malpractice against Defendants Woodbury and Wagner.  The Amended Complaint could also be construed as alleging state law claims of negligence and malpractice against Doctor Victor Loranth, who is identified as a physician employed by the Federal Bureau of Prisons.  However, "in an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina," a plaintiff must introduce expert testimony with the complaint to support his claims of negligence and medical malpractice.  See S.C. Code Ann. § 15-36-100(B); see also Jernigan v. King, 440 S.E.2d 379, 381 (S.C. Ct. App. 1993).  In the present case, Plaintiff provides no such expert testimony as part of the Amended Complaint.  Therefore, any state law negligence and malpractice claims against Defendants Woodbury, Wagner, and Loranth are subject to summary dismissal.

## III.    Conclusion

For the foregoing reasons, it is recommended that the following claims be summarily dismissed from the Amended Complaint:  (1) FTCA claims against Defendant Federal Bureau of Prisons and any individually named defendant; (2) Bivens claims against Defendants Federal Bureau

---

[4] The court notes that the same analysis applies to Defendant Sharon Poston, who is identified as the Chief Executive Officer of Williamsburg Regional Hospital.  (ECF No. 17 at 2.)  Thus, any Bivens claim alleged against Defendant Poston would likewise be subject to summary dismissal.



of Prisons, United States of America, Woodbury, Wagner, and Poston; and (3) negligence or medical malpractice claims against Defendants Loranth, Woodbury, and Wagner. The court further recommends that the following defendants be summarily dismissed from this case without prejudice and without issuance and service of process, as Plaintiff has pled no viable claim against them: (1) Federal Bureau of Prisons; (2) Woodbury; and (3) Wagner.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 16, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).