**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Larry Ward, | ) | C/A No. 0:14-cv-4762 DCN |
| | ) | |
| Plaintiff, | ) | **O R D E R** |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America; Director Charles | ) | |
| Samuels; Rear Admiral Newton E. Kendig, | ) | |
| *M.D.*; Warden M. Cruz; Doctor Victor | ) | |
| Lorant; John/Jane Doe, *Statutory Agent* | ) | |
| *Officers*; Sharon Poston, *CEO*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The above referenced case is before this court upon the magistrate judge's recommendation that plaintiff's motion to dismiss be granted upon the following conditions: (1) if plaintiff files an action based on or including the same claims against the same defendants in the future, defendants may seek their costs from this action pursuant to Rule 41(d) of the Federal Rules of Civil Procedure; and (2) any discovery materials or other evidence obtained during the course of the litigation of this matter may also be used in any subsequent matter.

This court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984 ).[1]   **Objections to the magistrate judge's report and recommendation were timely filed on October 1, 2015.**

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's Report and Recommendation is **AFFIRMED,** plaintiff's motion to dismiss is **GRANTED** and the complaint is **DISMISSED** without prejudice as to all defendants with the exception of defendant Sharon Poston, with the following conditions: (1) if plaintiff files an action based on or including the same claims against the same defendants in the future, defendants may seek their costs from this action pursuant to Rule 41(d) of the Federal Rules of Civil Procedure; and (2) any discovery materials or other evidence obtained during the course of the litigation of this matter may also be used in any subsequent matter.

**IT IS FURTHER ORDERED** that defendant Sharon Poston is hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that all other pending motions are terminated.

**AND IT IS SO ORDERED.**

_____
David C. Norton
United States District Judge

October 27, 2015
Charleston, South Carolina

---

[1]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

**_NOTICE OF RIGHT TO APPEAL_**

The parties are hereby notified that any  right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure